# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **JESSIE MORGAN,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) Case No. 2:07-cv-00614-RDP |
| | ) |
| **JENNIE MORGAN SIZEMORE, et al.,** | ) |
| | ) |
| **Defendants.** | ) |

## MEMORANDUM OF OPINION

Plaintiff was granted leave to proceed in this action without prepayment of the filing fee, pursuant to 28 U.S.C. § 1915. The provisions of that statute dictate that the court shall dismiss the complaint at any time it determines that the action is frivolous or malicious or fails to state a claim upon which relief can be granted or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

In *Morgan v. Sizemore, et al.*, Case No. 2:06-cv-04935-JHH-PWG, Plaintiff, Jessie Morgan, filed a *pro se* complaint pursuant to 42 U.S.C. § 1983, in which he alleged that his aunts and uncles defrauded him of money and property left to him by his late grandmother.[1] Plaintiff requested that the court conduct an investigation into his claims and charge these individuals criminally. In a Report and Recommendation entered on February 22, 2007, the magistrate judge recommended that Plaintiff's claims be dismissed for failing to state a constitutional claim since the defendants were private individuals, not alleged to have been acting under color of state law and, therefore, not subject to suit

---

[1] Plaintiff is currently incarcerated in the High Desert State Prison in Indian Springs, Nevada.

under 42 U.S.C. § 1983. By order entered March 21, 2007, the district judge adopted the magistrate judge's recommendation and Plaintiff's claims were dismissed in their entirety.

Plaintiff now purports to file a "criminal complaint" in which he asserts the same claims against his family members as those stated in his previous § 1983 complaint. The only relief sought by Plaintiff is that the court conduct an investigation into his claims and recover his savings bonds or file criminal charges against Defendants. This court, however, is without legal authority to conduct any such investigation or order any law enforcement agency to conduct the same. Moreover, a private citizen has no right to institute a criminal prosecution. *See Linda R. v. Richard V.*, 410 U.S. 614, 619 (1973) ("[A] private citizen lacks a judicially cognizable interest in the prosecution or non-prosecution of another."). Investigations into possible criminal activities and the prosecution of federal criminal offenses fall within the exclusive jurisdiction of the executive branch of the federal government. If Plaintiff desires a criminal investigation, he must direct his request to the appropriate law enforcement agencies.

Based on the foregoing, Plaintiff has failed to state a claim upon which relief may be granted and the complaint is due to be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). A Final Judgment will be entered.

**DONE** and **ORDERED** this \_\_\_\_11th\_\_\_\_ day of April, 2007.

_____
**R. DAVID PROCTOR**
UNITED STATES DISTRICT JUDGE